UTAH *v.* UNITED STATES

No. 31, Orig.   Argued December 17, 1974—Decided February 19, 1975

*Danny J. Boggs* argued the cause for the United States on exceptions to the Report of the Special Master.   With him on the briefs were *Solicitor General Bork, Assistant Attorney General Johnson,* and *John E. Lindskold.*

*Richard L. Dewsnup,* Special Assistant Attorney General of Utah, argued the cause for plaintiff in support of the Report of the Special Master.   With him on the brief were *Vernon B. Romney,* Attorney General, *Robert B. Hansen,* Deputy Attorney General, *Dallin W. Jensen* and *Paul E. Reimann,* Assistant Attorneys General, and *Clifford L. Ashton* and *Edward W. Clyde,* Special Assistant Attorneys General.

PER CURIAM and DECREE.

We heard oral argument upon the exceptions to the Report of the Special Master filed by the United States. 419 U. S. 814 (1974).   We overrule the exceptions and adopt, and direct the entry of, the decree proposed by the Special Master except that, as agreed by the parties, paragraph No. 1 of the proposed decree is modified in form by revising the phrasing of the opening paragraph to read as follows:

> "1. Subject to any federal regulatory authority that may extend to the Great Salt Lake or its shore-lands, the United States of America, its departments

and agencies, are enjoined from asserting against the State of Utah any claim of right, title and interest:"

Further, Finding of Fact No. 10 is adjusted, as agreed by the parties, by inserting 4200.8 in lieu of 4200.2, and by inserting 396,000 in lieu of 325,000.

For the purpose of giving effect to the above, the following decree is hereby entered.

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

"1. Subject to any federal regulatory authority that may extend to the Great Salt Lake or its shorelands, the United States of America, its departments and agencies, are enjoined from asserting against the State of Utah any claim of right, title and interest:

"(a) to any of the exposed shorelands situated between the edge of the waters of the Great Salt Lake on June 15, 1967, and the bed of the Lake on January 4, 1896, when Utah became a State, with the exception of any lands within the Bear River Migratory Bird Refuge and the Weber Basin federal reclamation project;

"(b) to the natural resources and living organisms in or beneath any of the exposed shorelands of the Great Salt Lake delineated in (a) above; and

"(c) to the natural resources and living organisms either within the waters of the Great Salt Lake, or extracted therefrom, as delineated in (a) above.

"2. The State of Utah is not required to pay the United States, through the Secretary of the Interior, for the exposed shorelands, including any minerals, delineated in paragraph 1 above of this decree.

"3. There remains the question whether any lands within the meander line of the Great Salt Lake (as duly surveyed prior to or in accordance with section 1 of the Act of June 3, 1966, 80 Stat. 192), and conveyed by quitclaim deed to the State of Utah, in-

cluded any federally owned uplands above the bed of the Lake on the date of statehood (January 4, 1896) which the United States still owned prior to the conveyance to Utah.\* In the absence of agreement between the parties disposing of the above question or of the necessity for further proceedings with respect thereto, the Special Master is directed to hold such hearings, take such evidence, and conduct such proceedings with respect to that question as he deems appropriate and, in due course, to report his recommendations to the Court.

"4. The prayer of the United States of America in its answer to the State of Utah's Complaint that this Court 'confirm, declare and establish that the United States is the owner of all right, title and interest in all of the lands described in Section 2 of the Act of June 3, 1966, 80 Stat. 192, as amended by the Act of August 23, 1966, 80 Stat. 349, and that the State of Utah is without any right, title or interest in such lands, save for the right to have these lands conveyed to it by the United States, and to pay for them, in accordance with the provisions of the Act of June 3, 1966, as amended,' is denied."

*It is so ordered.*

MR. JUSTICE MARSHALL took no part in the consideration or decision of this case.

---

\*As appears from p. 4 of the Special Master's Report the parties have reserved their position with respect to this question.